UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BHOOPENDRA RAGHUBARDAYAL and
MAHINDRA RAGHUBARDAYAL

                  Plaintiffs,

14 CV 8526

**COMPLAINT**

-against-

CITY OF NEW YORK, POLICE OFFICER BRIAN WEBBER
TAX REG. NO. 939678 and UNIDENTIFIED NEW YORK
CITY POLICE OFFICERS, EMPLOYEES AND AGENTS

**JURY
TRIAL
DEMANDED**

                  Defendant(s).
----------------------------------------------------------X

The plaintiffs, complaining of the defendants, by their attorney DEBRA E. O'BRIEN ESQ. respectfully shows to this Court and alleges:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4    Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

## PARTIES

5    The plaintiff, BHOOPENDRA RAGHUBARDAYAL, is a resident of the County of Queens in the City and State of New York and is a South Asian male.

6    The plaintiff, MAHINDRA RAGHUBARDAYAL, is a resident of the County of Queens in the City and State of New York and is a South Asian male.

7       Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants POLICE OFFICER BRIAN WEBBER TAX REG. NO. 939678 and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES and AGENTS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

8       Upon information and belief, that at all times hereinafter mentioned, defendants were employed by the defendant, NYC, as members of its police department.

9       Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

10      The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11      This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

12      Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors under the color of law.

## STATEMENT OF FACTS

13.     On June 16, 2013 at approximately 7 p.m., DEFENDANT POLICE OFFICER BRIAN WEBBER TAX REG. NO. 939678 and approximately nine UNIDENTIFIED NEW YORK CITY POLICE

OFFICERS entered the premises at 90-38 170 Street Apt 4F Jamaica, New York 11432 in response to a 911 call.

14   It is unclear who made this 911 call but Plaintiffs believe that a neighbor may have made this call because plaintiff BHOOPENDRA RAGHUBARDAYAL and his mother had been having a loud argument and the door to the apartment was open.

15   At the same time that the police officers arrived, Plaintiff BHOOPENDRA RAGHUBARDAYAL was attempting to leave the premises to get away from his mother.

16.   UNIDENTIFIED NEW YORK CITY POLICE OFFICERS surrounded Plaintiff BHOOPENDRA RAGHUBARDAYAL as he attempted to leave the apartment and told him that he was under arrest.

17.   Plaintiff BHOOPENDRA RAGHUBARDAYAL slipped to the floor to try to get away from the officers who encircled him.

18.   Plaintiff MAHINDRA RAGHUBARDAYAL who is the father of plaintiff BHOOPENDRA RAGHUBARDAYAL observed the officers surrounding his son.

19   UNIDENTIFIED NEW YORK CITY POLICE OFFICERS pulled Plaintiff BHOOPENDRA RAGHUBARDAYAL to his feet after he slipped to the floor..

20   An UNIDENTIFIED NEW YORK POLICE OFFICERS, male, proceeded to punch Plaintiff BHOOPENDRA RAGHUBARDAYAL with full force in the face..

21.   Plaintiff MAHINDRA RAGHUBARDAYAL  witnessed this officer  hit his son and cried out "Why did you hit my son?."and attempted to get to  his son.

22.   POLICE OFFICER BRIAN WEBBER TAX REG. NO. 939678 thwarted Plaintiff MAHINDRA RAGHUBARDAYAL'S attempt to get near his son and pushed him into closet doors with such force that the doors came off the hinges and his eyeglasses broke.

23.   Plaintiff MAHINDRA RAGHUBARDAYAL was handcuffed by POLICE OFFICER BRIAN

WEBBER TAX. REG. NO. 939678 and placed under arrest.

24. An ambulance had to be called for Plaintiff BHOOPENDRA RAGHUBARDAYAL who was taken out of the apartment in handcuffs in a wheelchair.

25. Plaintiff BHOOPENDRA RAGHUBARDAYAL was brought to Queens General Hospital for emergency treatment for a right orbital fracture.

26. Plaintiff MAHINDRA RAGHUBARDAYAL was brought to the 103rd precinct where he was falsely charged with obstruction of governmental administration and resisting arrest..

27. Plaintiff BHOOPENDRA RAGHUBARDAYAL was treated at Queens General Hospital and released early the next morning with follow-up appointments to treat his right orbital fracture.

28 Plaintiff MAHINDRA RAGHUBARDAYAL was detained for approximately twenty hours until he was released from Central Booking the following afternoon.

29.. Plaintiff MAHINDRA RAGHUBARDAYAL appeared in court on July 22, 2013 at which time all the charges against him were dismissed via an Adjournment in Contemplation of Dismissal.

30.. Plaintiff BHOOPENDRA RAGHUBARDAYAL continues to the present day to suffer intermittent blurry vision in his right eye as a result of the injury that he suffered when he was punched in the face by male UNIDENTIFIED NEW YORK CITY POLICE OFFICER. .

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF MAHINDRA RAGHUBARDAYAL- VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT- FALSE ARREST

31.. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

32.. Plaintiff MAHINDRA RAGHUBARDAYAL'S rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment

pursuant to 42 U.S.C. § 1983, in that plaintiff was subject to being falsely arrested by the defendants.

33.    The defendants confined plaintiff MAHINDRA RAGHUBARDAYAL in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

34.    As a direct result of defendants' actions, plaintiff MAHINDRA RAGHUBARDAYAL was deprived of rights, privileges and authority of law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

35.    The various defendants who knew of the false arrest and allowed the illegal detention of the plaintiff to commence and/or continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

36    By reason of the false arrest, plaintiff MAHINDRA RAGHUBARDAYAL was handcuffed, was subjected to pecuniary harms, spent time in jail, was prevented from conducting his normal affairs of business, and was subjected to numerous other harms.

37.    That defendants who are supervisors within the NYPD who knew of the false arrest and continued to allow and/or participate and/or cause the arrest of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation, failed to remedy the wrong, are liable to the plaintiff for the violation of his rights pursuant to the Fourth Amendment and via the principle of supervisor liability.

38.    By reason of the aforesaid, the plaintiff MAHINDRA RAGHUBARDAYAL is entitled to compensatory damages in a sum to be determined at trial, he is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF BHOOPENDRA RAGHUBARDAYAL- VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983 AND THE FOURTH AMENDMENT VIA USE OF EXCESSIVE FORCE AND UNREASONABLE FORCE

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

40. That Plaintiff BHOOPENDRA RAGHUBARDAYAL's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. Section 1983, in that Plaintiff BHOOPENDRA RAGHUBARDAYAL was unlawfully subjected to excessive and unreasonable force by male UNIDENTIFIED NEW YORK CITY POLICE OFFICER when he was punched in his face causing a right orbital fracture.

41. That this assault on Plaintiff BHOOPENDRA RAGHUBARDAYAL was undertaken without any reasonable necessity to use any force much less the excessive force that was employed and used without legal justification, without plaintiff's consent, with malice and with intent to inflict pain and suffering on plaintiff.

42. That POLICE OFFICER BRIAN WEBBER TAX REG. NO. 939678 and UNIDENTIFIED POLICE OFFICERS present knew of the use of excessive force against Plaintiff and failed to act pursuant to their affirmative duty to intervene to protect the constitutional rights of Plaintiff from infringement by another law officer in their presence.

43. As a direct result of Defendants' actions, Plaintiff BHOOPENDRA RAGHUBARDAYAL was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly Plaintiff's right to be free from the use of excessive and unreasonable force.

44   That by reason of the unlawful use of excessive and unreasonable force, the Plaintiff was harmed physically causing Plaintiff to be subjected to physical pain, humiliation, embarrassment and anxiety and to suffer a fracture of his right orbital socket and ongoing vision problems.

45.   By reason of the aforesaid, the Plaintiff BHOOPENDRA RAGHUBARDAYAL is entitled to compensatory damages in a sum to be determined at trial, he is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS BY THE CITY OF NEW YORK, i.e., MONELL CLAIM

46.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

47   The plaintiffs' rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, CITY OF NEW YORK.

48.   Defendant CITY OF NEW YORK as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of officers bringing false charges and utilizing excessive force and that there has been no meaningful attempt on the part of CITY OF NEW YORK to investigate or forestall further incidents..

49.   The NYPD as a *de facto* policy and practice fails to take disciplinary action against members of the NYPD who are dishonest in swearing to facts resulting in false arrests and rarely, if ever, are officers disciplined for failing in their affirmative duty to intervene to prevent constitutional violations from taking place in their presence.

50. As a result of CITY OF NEW YORK's deliberate indifference to the ineffectiveness of the CCRB and IAB, the defendants in the instant case felt free to, and did in fact, violate the plaintiffs' rights.

51. It is the routine practice of NYPD officers to fail to act on their duty to intervene to protect civilians whose civil rights are being violated by other officers in their presence.

52. It is the routine practice of NYPD officers to retaliate against officers who speak up and/or act when they witness other officers violating civilians' rights.

53. In the instant matter, due to the routine practices i.e., the *de facto* policies of the NYPD, officers who saw and/or knew of the plaintiff MAHINDRA RAGHUBARDAYAL being falsely arrested and the plaintiff BHOOPENDRA RAGHUBARDAYAL being subjected to excessive force failed to intervene on behalf of either of them..

54. Despite being often alerted to the recurring aforementioned problems, the NYPD has remained deliberately indifferent to said problem and in so doing encouraged its officers to persist in their illegal, unconstitutional behavior.

55. By reason of the aforementioned, plaintiffs were subjected to loss of freedom, physical injury and were subjected to numerous other harms.

56. By reason of the aforesaid, the plaintiff is entitled to compensatory damages in a sum to be determined at trial and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE**, plaintiff demand judgment against the defendants in compensatory and punitive damages in sums to be determined at trial on the First Cause of Action; in compensatory and punitive damages in sums to be determined at trial on the Second Cause of Action; and in compensatory damages in a sum to be determined at trial on the Third Cause of Action, along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on all plaintiff's causes of action together with costs and disbursements of this action; a trial by jury

of all issues alleged in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: October 14, 2014

Queens, New York

_____

DEBRA E. O'BRIEN  (DO-9536 )
Attorney for Plaintiff
139-25 31 Road 1st Floor
Flushing, New York 11354
(718) 539-3030

To:   ZACHARY CARTER
      NYC Corporation Counsel
      100 Church Street
      New York, New York 10007